13279

PARKER v. SIMMONS *ET AL.*

(161 S. E., 169)

44

46

48

50

52

*Mr. R. E. Babb,* for appellant,

54

[redacted]

*Messrs. Blackwell, Sullivan & Wilson,* for respondent,

[redacted]

November 18, 1931.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, commenced in the Court of Common Pleas for Laurens County, 1930 (the exact date is not stated in the record), by plaintiff, O. D. Parker, against Louise Simmons and one Buick sedan, motor No. 5923, license No. D-1065, defendants, is for recovery of damages, actual and punitive, alleged to have been sustained by the plaintiff on account of an automobile collision, alleged to have been caused by the negligent, reckless, and careless acts of the defendant Louise Simmons, November 1, 1929, in driving and operating the said Buick sedan, the other defendant herein. The defendants, by their joint answer, interposed a general denial as to all of the material allegations of the complaint; alleged that the plaintiff's injuries were the result of his own negligence; and also set up the defense of contributory negligence, contributory recklessness, and willfulness. The case was tried at the November, 1930, term of said Court before his Honor, Judge T. J. Mauldin, and a jury, resulting in a verdict for the plaintiff for the sum of $150.00 actual damages and $350.00 punitive damages. From the judgment entered on the verdict the defendants have appealed to this Court.

Appellant presents several exceptions, but, as agreed by counsel, there are only three questions raised.

Adopting the language of counsel for appellant, the first question presented may be stated thus: "Whether error was committed in refusal to declare a mistrial and to grant a new trial on the ground that testimony regarding liability insurance and arguments and statements of respondent's

attorney, in reference thereto, in the presence of the jury were injected into the case."

It is true, indemnity insurance has no legal bearing on this case, and if the record disclosed that the trial Judge admitted such testimony in the trial of the case it would be ground for reversal. However, such is not the case. The following is what transpired regarding this question, while the plaintiff was testifying:

"Q. Did you have any conversation with her immediately after the collision? A. No, sir. I went to the doctor and I didn't see her any more that day.

"Q. The next day did you see Miss Louise Simmons? A. Yes, sir.

"Q. Where was that? A. At her home.

"Q. Did you have any conversation there with her? A. Yes, sir.

"Q. What was that conversation? A. I went to ask her about the damages, she said she was going to get a blank that afternoon to fill out for the insurance company—

"Mr. Babb: I object.

"Court: What was said with reference to this alleged collision would be competent. I don't know what she said. The question of insurance is not for that jury to consider. Anything she may have said with reference to this alleged transaction in all right, but not with reference to any alleged insurance.

"Mr. Wilson: He asked her about the damages to his car and that was her reply.

"Mr. Babb: We object to any testimony in regard to any insurance.

"Mr. Wilson: We withdraw that question.

"Court: The jury is not concerned about any insurance."

So far as we are able to ascertain from the record, this is all that transpired regarding insurance, and, in our opinion, it is not a ground for reversal. As we view the case, the trial Judge made a proper ruling on the matter and properly

instructed the jury regarding the same. We are therefore unable to sustain the appellant's contention, and the exceptions raising this question are overruled.

The second question raised by the exceptions is: Was there error in the Judge's charge in reference to negligence and recklessness?

In disposing of this question we deem it sufficient to state that an examination of the entire charge, which will be reported with the case, convinces us that the trial Judge, in charging the jury on the question of negligence and recklessness, was fair to the defendants and they have no cause for complaint.

The third question stated by appellant's counsel, as being raised by the exceptions, is: Was there error in the Judge's charge in failing to read Section 582 of Volume 2 of the Code of 1922 to the jury in connection with the reading of Section 581 thereof?

This Section, 582, reads as follows: "Upon approaching a crossing of intersecting public highways, or a bridge, or a sharp curve, or a steep descent, and also in traversing such crossing, bridge, curve or descent, a person operating a motor vehicle shall have it under control, and operate it at the rate of speed no greater than six miles an hour, and in no event greater than is reasonable and proper, having regard to the traffic then on such highway and the safety of the public."

This section was not applicable to the case. The collision did not occur at a crossing, or intersection of a public highway, or at any other place described in the said section of the Code, and said section was, therefore, not applicable to the case. Furthermore, the defendants made no request to charge this provision of the law, or any other provision of the law, or principle. Appellant's contention cannot be sustained.

The exceptions are overruled, and the judgment of the lower Court affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER and BONHAM concur.